```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
CHARLES FOSTER,                     :
                                    :
           Petitioner,              :    Civ. No. 19-18825 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN,                             :
                                    :
           Respondent.              :
_____:

APPEARANCES:

Charles Foster
73 Summerhill Ave.
Worcester, MA 01606

     Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Jane Dattilo, Assistant United States Attorney
United States Attorney's Office for the District of NJ
970 Broad Street - 7th Floor
Newark, NJ 0710

     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Charles Foster, a federal prisoner,[1] filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence in light of Burrage v. United States, 571 U.S. 204 (2014). ECF No. 1. Respondent United States

---

[1] Petitioner was released to home confinement under the CARES Act, but the Court retains jurisdiction as Petitioner was confined in FCI Fort Dix at the time he filed this petition. ECF No. 16.

opposes the petition. ECF No. 13. Petitioner moves for an extension of time to file his traverse. ECF Nos. 19 & 20. Those motions will be granted, and the traverse is considered timely filed. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

A grand jury in the Middle District of Florida issued an indictment charging Petitioner with one count of possessing heroin with the intent to distribute and distributing heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (count one); and two counts of possessing heroin with the intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1) (C) (counts two and three). United States v. Foster, No. 6:01-cr-198-ORL-18KRS (M.D. Fla. Dec. 12, 2001); ECF No. 13-1. Id. Petitioner was convicted of all counts. ECF No. 13-3. The jury also found that Petitioner's heroin distribution caused someone's death. Id.

"Foster was sentenced to thirty years' imprisonment in 2002. The sentencing court found that the Government had established two prior drug trafficking convictions under 21 U.S.C. § 851." ECF No. 35 at 8. "The combination of the § 851 Information and the death-results finding ultimately resulted in a statutory mandatory minimum sentence of life imprisonment." Id. (citing 21 U.S.C. § 841(b)(1)(C)). The court sentenced

Petitioner to 30 years over the Government's objection.  ECF No. 13-4 at 26:4-12.

Petitioner filed an appeal in the United States Court of Appeals for the Eleventh Circuit.  United States v. Foster, No. 02-12513 (11th Cir. Aug. 27, 2003); ECF No. 13-5.  Petitioner argued that the jury instructions were improper, the trial court erred by failing to investigate claims of jury tampering, and there was insufficient evidence to support the finding that Petitioner caused the victim's death.  ECF No. 13-5 at 4.  The Eleventh Circuit affirmed the convictions.  Id. at 10.

Petitioner subsequently filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  Foster, No. 6:01-cr-198-ORL-18KRS (M.D. Fla. Jan. 10, 2005) (ECF No. 112).  He asserted various claims of prosecutorial misconduct, ineffective assistance of counsel, and actual or factual innocence "[b]ased on the presentation of false and misleading testimony by the Government at Foster's trial . . . ."  Id. at 26.  The district court denied the petition.  Id. (June 7, 2007) (ECF No. 141).  Petitioner attempted to raise his Burrage claim in a second or successive § 2255 motion, but the Eleventh Circuit denied permission to file the motion.  In re Foster, No. 16-16871 (11th Cir. Nov. 28, 2016).

Petitioner challenges the application of the "death results" enhancement in his § 2241 petition.  ECF No. 1.  He

3

argues the United States only proved his actions were a contributing cause of the victim's death as opposed to the "but for" cause of death. The United States argues that <u>Burrage</u> claims are not cognizable under § 2241, or in the alternative, that Petitioner cannot meet the standard for actual innocence. ECF No. 13.

II. DISCUSSION

    A. <u>Legal Standard</u>

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A <u>pro se</u> habeas petition must be construed liberally. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002).

    B. <u>Analysis</u>

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity

of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

The Third Circuit has stated that § 2255 is ineffective or inadequate when (1) there is "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "Importantly, § 2255 is not 'inadequate or ineffective' merely because the sentencing court has previously denied relief. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy

5

inadequate or ineffective so as to authorize pursuit of a habeas corpus petition" under § 2241.  Brewer v. Moser, No. 3:20-1204, 2020 WL 7773758, at *1 (M.D. Pa. Dec. 30, 2020).

Petitioner argues his sentence is invalid after Burrage, which held that the "death results" sentencing enhancement in 21 U.S.C. § 841(b)(1) "is an element that must be submitted to the jury and found beyond a reasonable doubt."  571 U.S. at 210. Although Petitioner attempts to frame his challenge as a challenge to his conviction, the Third Circuit has interpreted Burrage to be an extension of the sentencing principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013).  Lewis v. Warden Allenwood FCI, 719 F. App'x 92, 94 (3d Cir. 2017) (per curiam).  "[A] § 2255 motion is not an inadequate or ineffective vehicle for raising arguments based on Apprendi or Alleyne."  Id. at 94-95 (citing Gardner v. Warden Lewisburg USP, 845 F.3d 99, 100 (3d Cir. 2017)); see also Walters v. Warden Fairton FCI, 674 F. App'x 117, 119 (3d Cir. 2017)(per curiam) (noting that challenge to "death results" enhancement would not be appropriately brought under § 2241).  It is irrelevant that the Eleventh Circuit denied permission to file a second or successive § 2255 motion because it is Petitioner's "inability to meet the gatekeeping requirements of § 2255(h) that has prevented him from obtaining relief, not the inadequacy or ineffectiveness of

6

the § 2255 remedy." Lewis, 719 F. App'x at 94. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Eleventh Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eleventh Circuit because that court of appeals has already denied permission to file a second or successive § 2255 petition based on Burrage. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Eleventh Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the petition is dismissed for lack of jurisdiction.

An appropriate order will be entered.


Dated: March 10, 2021                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.