```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
CHARLES FOSTER,                     :
                                    :
          Petitioner,               :   Civ. No. 19-18825 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN,                             :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

Charles Foster
73 Summerhill Ave.
Worcester, MA 01606

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Margaret Ann Mahoney, Assistant United States Attorney
United States Attorney's Office for the District of NJ
970 Broad Street
7th Floor
Newark, NJ 0710

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Charles Foster, a federal prisoner,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence in light of Burrage v. United States,

---

[1] Petitioner was released to home confinement under the CARES Act, but the Court retains jurisdiction as Petitioner was confined in FCI Fort Dix at the time he filed his petition. ECF No. 16.

571 U.S. 204 (2014).  ECF No. 1.  The Court dismissed the petition for lack of jurisdiction on March 10, 2021.  ECF No. 23.

Petitioner now moves for reconsideration of that order under Federal Rule of Civil Procedure 59(e).  ECF No. 24.  The United States opposes the motion.  ECF No. 25.  The Court will deny the motion.

I.  BACKGROUND

A grand jury from the Middle District of Florida issued a three-count indictment charging Petitioner with one count of possessing heroin with the intent to distribute and distributing heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (count one); and two counts of possessing heroin with the intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (counts two and three).  United States v. Foster, No. 6:01-cr-198-ORL-18KRS (M.D. Fla. Dec. 12, 2001); ECF No. 13-1.  Petitioner was convicted of all counts.  ECF No. 13-3.  The jury also found that Petitioner's heroin distribution caused someone's death. Id.

"Foster was sentenced to thirty years' imprisonment in 2002.  The sentencing court found that the Government had established two prior drug trafficking convictions under 21 U.S.C. § 851."  ECF No. 35 at 8.  "The combination of the § 851 Information and the death-results finding ultimately resulted in

2

a statutory mandatory minimum sentence of life imprisonment." Id. (citing 21 U.S.C. § 841(b)(1)(C)).  The court sentenced Petitioner to 30 years over the Government's objection.  ECF No. 13-4 at 26:4-12.  The United States Court of Appeals for the Eleventh Circuit affirmed the convictions.  United States v. Foster, No. 02-12513 (11th Cir. Aug. 27, 2003); ECF No. 13-5.

Petitioner filed an unsuccessful motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255. Foster, No. 6:01-cr-198-ORL-18KRS (M.D. Fla. June 7, 2007) (ECF No. 141).  Petitioner attempted to file a second or successive § 2255 motion raising his Burrage claim, but the Eleventh Circuit denied permission to file the motion.  In re Foster, No. 16-16871 (11th Cir. Nov. 28, 2016).

Petitioner challenged the application of the "death results" enhancement in his § 2241 petition.  ECF No. 1. Petitioner argued Burrage invalidated his conviction because the United States did not submit the "death results" sentencing enhancement to the jury to be assessed under the reasonable doubt standard.  The Court concluded it lack jurisdiction over the Burrage claim under § 2241 and dismissed the petition.  ECF No. 23.

Petitioner asks the Court to reconsider its order under Federal Rule of Civil Procedure 59(e).  ECF No. 24.  "Mr. Foster does not challenge an enhanced sentence rather Mr. Foster

3

challenges a wrongful conviction. If this court had evaluated Mr. Foster's petition as a challenge to a conviction, a challenge that sounds in actual innocence, then this court would have recognized that Mr. Foster fits squarely within this circuit's definition of 28 U.S.C. § 2255(e)'s so called saving clause." Id. at 4. Respondent opposes the motion. ECF No. 25.

II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce

judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

III. DISCUSSION

Petitioner argues the Court erred by construing his § 2241 petition as a challenge to an enhanced sentence rather than as a challenge to the validity of his conviction. "Here the United States District Court convicted Mr. Foster for a crime, even though the government failed to prove every element of the crime. In other words, Mr. Foster serves a sentence for a crime that the Constitution presumes him innocent of committing." ECF No. 24 at 4.

The jury convicted Petitioner of "knowing and intentional possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a) and 841(b)(1)(C) and 18 U.S.C. § 2." ECF No. 13-3 at 2. Burrage did not impact this underlying crime. Burrage addressed the enhanced penalty that applies "if death or serious bodily injury results from the use of such substance . . . ." 21 U.S.C. § 841(b)(1)(C). "Because the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." Burrage v. United States, 571 U.S. 204, 210 (2014).

The Court recognized Mr. Foster's argument in its opinion but noted that persuasive authority from the Third Circuit

5

indicated Burrage claims like Petitioner's may not be brought under § 2241: "Although Petitioner attempts to frame his challenge as a challenge to his conviction, the Third Circuit has interpreted Burrage to be an extension of the sentencing principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013)."  ECF No. 22 at 6 (citing Lewis v. Warden Allenwood FCI, 719 F. App'x 92, 94 (3d Cir. 2017) (per curiam)).  See also Upshaw v. Warden Lewisburg USP, 634 F. App'x 357, 359 (3d Cir. 2016) ("Similarly, in Burrage, the Supreme Court extended Alleyne to hold that the 'death results' penalty enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt.").  The Third Circuit has long held that Apprendi and Alleyne claims may not be filed under § 2241.  See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017); Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).

    Petitioner has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error of law or prevent manifest injustice.  Therefore, the Court shall deny the motion for reconsideration.

IV. CONCLUSION

    For the foregoing reasons, the motion for reconsideration will be denied.

    An appropriate order will be entered.


Dated: November 15, 2021        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.